## Republican State Committee Election

*J. Frank Kelker*, for petitioner.
*Charles M. Marshall*, for respondent.

ROWLEY, J., July 24, 1970.—At the primary election held May 19, 1970, Mrs. E. H. Betty Markham was the unsuccessful candidate for election to the Republican State Committee. On June 3, 1970, Mrs. Markham presented a petition to the court asking that a rule be

issued on Herbert A. Gilbert, the successful candidate, to show cause why his election, as a member of the Republican State Committee, should not be declared illegal and, she, the petitioner, be declared the legally elected member of the State committee. The rule was issued and a hearing was scheduled for July 21, 1970. Counsel for Mr. Gilbert filed an answer to the petition and rule. At the time set for hearing, counsel for the respective parties appeared before the court and filed a written stipulation of facts. The matter is now before us on the petition and rule, Mr. Gilbert's answer thereto and the parties' stipulation.

Prior to October 15, 1969, Mr. Gilbert held both the office of State committeeman and justice of the peace. On October 15, 1969, the Pennsylvania Supreme Court adopted Rules Governing Standards of Conduct of Justices of the Peace. Rule 2A provides:

"A justice of the peace shall not hold office in a political party or political organization, or hold an office or position of profit in the government of the United States, the Commonwealth or any political subdivision thereof, except in the armed services of the United States or the Commonwealth."

These rules became effective January 1, 1970. As indicated, Mr. Gilbert was the successful candidate at the May 19, 1970, primary election for reelection to the Republican State Committee. He has not resigned or given up either job since the promulgation of rule 2A by the Supreme Court. The parties have stipulated that there is nothing in the rules and regulations of the Republican State Committee which prohibits a person from holding the offices of justice of the peace and State committeeman at the same time.

Petitioner contends that the provisions of Rule 2A of the Supreme Court relating to activities and conduct of justices of the peace makes the election of Mr. Gilbert illegal and that she should be declared the

winner of that election. At the outset of our consideration of this matter, it is as important to recognize what is *not* involved in this proceeding as that which *is* involved. Mr. Gilbert's right to hold the office of justice of the peace is *not* involved in this case. Petitioner has not challenged his right to hold the office of justice of the peace. We are not called upon to decide, in this case, whether rule 2A applies to justices of the peace elected and holding office prior to November of 1969. Nor are we required, in this proceeding, to determine what sanctions, if any, should be imposed upon a justice of the peace who is guilty of violating rule 2A. Rather, the sole issue, in this case, and a very narrow one at that, is the validity of Mr. Gilbert's election to the Republican State Committee. As indicated, petitioner relies upon rule 2A quoted above. However, that rule does not attempt to establish membership requirements for the State committee of any political party. In other words, a justice of the peace who violates rule 2A may affect his right to hold the office of justice of the peace or render himself liable to sanctions because of misconduct as a justice of the peace. However, the rule does not, and could not regulate membership in a political party. Rule 2A was adopted by the Supreme Court pursuant to article 5, sec. 10(a)(c), of the Constitution of Pennsylvania. These constitutional provisions vest general supervisory and administrative authority over justices of the peace in the Supreme Court and authorize the Supreme Court to prescribe general rules governing conduct of justices of the peace. Neither the constitutional provisions or rule 2A attempt, by any stretch of the imagination, to regulate or establish criteria for membership in a political party. What they do regulate is the conduct of a justice of the peace as such. Article 5, sec. 18(k), of the Constitution authorizes the Supreme Court to adopt rules of pro-

cedure for suspension, removal and discipline of justices of the peace. The Supreme Court, on June 27, 1969, adopted rules of procedure to be followed in disciplinary proceedings against justices of the peace who, inter alia, violate the standards of conduct prescribed by that court. Such proceedings shall be before a "Judicial Inquiry and Review Board" (board) created by article 5, sec. 18, of the Pennsylvania Constitution. Thus, the proper procedure to be followed, where it is alleged that there has been a violation of the rules of conduct, is to present the matter to the board under its rules of procedure. There, if a violation of rule 2A is established, it may render a person subject to sanctions insofar as the position of justice of the peace is concerned, but there could be no penalty or condition attached to his political office.[1]

As stated, the sole issue in this case is the validity of Mr. Gilbert's election to the State committee. Mr. Gilbert was elected through the democratic process by a majority of the Republican electors in this county. There is no allegation or claim that the election was illegal or improper in any respect. Petitioner concedes that Mr. Gilbert received a majority of the votes cast. It is also conceded that the State committee has no regulation or policy which prevents justices of the peace from being members of the State committee. Thus, Mr. Gilbert's election, having been held in accordance with the law, and not in violation of any rule or regulation of the State committee itself, this court has no power to set aside the wishes of the majority of the electorate. We may not nullify and set aside, *without legal cause,* the results of that election. No such legal cause has been shown by petitioner. Membership in a political committee is now legally recognized as

---

[1] There is presently pending before the Supreme Court a petition for clarification of rule 2A or amendment to make it inapplicable to justices of the peace elected prior to November 1969.

an important right and privilege, not only to the committee member but also to the voters who elected that person to act as their representative: Bentman v. Seventh Ward Democratic Executive Committee, 421 Pa. 188 (1966). It is incumbent upon those who seek to deprive a duly elected committee member of his position on the committee to establish that he has violated the rules and regulations of the committee itself, or committed some act in connection with his activity as a committee member which would justify his expulsion. There has been no such showing here.

For these reasons, we make the following

### ORDER

Now, July 24, 1970, the rule issued June 3, 1970, is dismissed. The petition is denied.